## KOHLER v. SPURWAY.

District Court, S. D. Iowa, S. D.    July 25, 1928.

No. 4056.

L. H. Mattox, of Shenandoah, Iowa, for plaintiff.

Ferguson & Ferguson, of Shenandoah, Iowa, for defendant.

DEWEY, District Judge.  Plaintiff herein has filed a bill of complaint in equity, asking that he be allowed a preferred claim as against the defendant receiver, on the ground that his claim involves a trust, and that he has traced such trust fund into the hands of the receiver, and is entitled to have his claim impressed as a trust on said funds. The facts are stipulated, and, in so far as they are material to a decision in this case, are as follows:

That the First National Bank of Shenandoah, Iowa, was found to be in an insolvent condition on the 13th day of May, 1926, and suspended operation on that date.  That H. J. Spurway, defendant herein, was appointed receiver for said bank and the assets thereof on the 1st day of October, 1921. The plaintiff herein, W. H. Kohler, deposited with said national bank five United States government bonds, at the same time receiving and accepting a receipt therefor.  The receipts are identical, the first thereof being as follows:

"U. S. Bond Certificate of Deposit.

"No. 1999.   Shenandoah, Iowa, Oct. 1, 1921.

"This certifies that W. H. Kohler has deposited with the First National Bank 72-184 two hundred dollars (par value) in U. S. Second Liberty Loan 4½ per cent. coupon bonds, returnable to him or to his order at this bank, on surrender of this certificate properly indorsed.

"Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds.  All matured coupons to this date having been attached.

"Interest due May 15th and Nov. 15th each year.

"It is understood that the bank may treat these bonds as its own property, remaining liable to return equivalent bonds as herein provided.

"D. B. Miller, Cashier."

Subsequent to the date of the above-described receipts, all of said bonds were pledged to the Federal Reserve Bank of Chicago, Ill., to secure the payment of debts of the First National Bank of Shenandoah, Iowa, and that subsequent to the date of the suspension of the said bank, and on or about the 30th day of July, 1926, the Federal Reserve Bank of Chicago, Ill., acting under the agreement given by said First National Bank at the time the bonds were pledged as security to it, disposed of said bonds and applied the money on the indebtedness of said First National Bank of Shenandoah, Iowa.

The trouble with plaintiff's claim is that, when he deposited these bonds with the First National Bank of Shenandoah, Iowa, he took a receipt therefor wherein he expressly authorized the bank to treat the bonds as its own property.  With this authority on the part of the bank, its acts in later pledging said bonds to secure its indebtedness to the Federal Reserve Bank of Chicago, Ill., was not an act that was improper or unlawful in any respect that would create a trust.

Under the situation here disclosed, the conclusion is inevitable, and the court so finds, that by the transaction of delivering these bonds to the bank, and authorizing the bank to treat the bonds as its own property, the plaintiff permitted the First National Bank of Shenandoah, Iowa, to lawfully dispose of the bonds owned by him, and the arrangement whereby the bank agreed to return the bonds, or similar bonds, did not create a trust, but a relationship of debtor and creditor.

Plaintiff does not cite us to any rule con-

trary to that set out in 6 C. J. 1086, as follows:

"If by the contract there is no obligation to restore the specific article, but the bailee is at liberty to return either money or other goods of equal value, there is a transmutation of the property, and the obligation created is a debt, and not a bailment."

Also see Commercial Nat. Bank v. Armstrong, 148 U. S. 50, 51, 13 S. Ct. 533, 37 L. Ed. 363.

It follows that there is no equity in plaintiff's complaint, and same is dismissed, at his cost. Plaintiff excepts.